UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-- v. --

SARVESH DHARAYAN, and
SANJAY GUPTA,

Defendants.

13 Cr. 780 (PGG)

## GOVERNMENT'S SENTENCING MEMORANDUM

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

ELISHA J. KOBRE
Assistant United States Attorney
  *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-- v. --

SARVESH DHARAYAN, and
SANJAY GUPTA,

Defendants.

13 Cr. 780 (PGG)

## GOVERNMENT'S SENTENCING MEMORANDUM

The Government respectfully submits this sentencing memorandum in advance of the sentencing of Sanjay Gupta, which is scheduled for December 30, 2014 at 10:00 a.m. and the sentencing of Sarvesh Dharayan, which is scheduled for January 15, 2015 at 2:30 p.m. Sarvesh Dharayan and Sanjay Gupta face sentencing because they paid approximately $1,742,619 in kickbacks to two employees of MultiPlan, Inc. ("MultiPlan"), so that Dharayan's company, Apex Technologies, could obtain millions of dollars of business from MultiPlan. MultiPlan is a victim of Dharayan's and Gupta's crimes because their kickbacks deprived MultiPlan of its right to the honest services of MultiPlan's former Chief Information Officer and one other MultiPlan employee. For the reasons given below, the Government respectfully requests that the Court impose sentences within the 37 to 46 months' of imprisonment suggested by the U.S. Sentencing Guidelines ("Guidelines").

### I. Summary of the Offense

From approximately 2009 through September 2012, Sarvesh Dharayan and Sanjay Gupta, the defendants, paid approximately $1,742,619 in kickbacks to two companies controlled by Keith Bush, MultiPlan's former Chief Information Officer, and Anil Singh, MultiPlan's former

Director of Database Administration.  As explained below, Dharayan and Gupta made the corrupt payments so that Apex Technologies, a company owned by Dharayan, would receive lucrative contracts from MultiPlan.

MultiPlan is in the business of providing nation-wide medical cost management solutions, such as, among other things, electronic negotiation and medical reimbursement services.  Part of MultiPlan's business required it to hire database administrators ("DBAs") from outside vendors to maintain MultiPlan's various databases.  MultiPlan typically paid outside vendors an hourly rate for each DBA, such as $105 or $115 per hour.  The outside vendor, in turn, paid the DBAs after taking a portion of the proceeds for placing the DBA.

At all relevant times, Dharayan owned Apex Technologies and Gupta was a consultant for Apex Technologies.  Among other things, Apex Technologies hired and outsourced DBAs to other companies that needed the services of trained DBAs.  In 2009, Apex Technologies began supplying DBAs to MultiPlan.  Unknown to MultiPlan's senior management, Apex Technologies procured the DBA business from MultiPlan because Dharayan and Gupta agreed to pay, and did pay, kickbacks to two MultiPlan employees – Keith Bush, the Chief Information Officer, and Anil Singh, the Director of Database Administration.

Dharayan and Gupta paid the kickbacks or caused them to be paid from a portion of the fee that was paid by MultiPlan to Apex Technologies for providing DBAs.  For example, if a DBA's hourly rate was $100 and the agreed upon kickback was $30, Dharayan and Gupta would pay the MultiPlan employees $30 for every hour billed by that DBA using the money that MultiPlan had remitted to Dharayan and Gupta.  The illicit payments were made to two companies – Nean Consulting, LLC and Sharp Data Solutions, LLC – both controlled by Bush and Singh.  To conceal the nature of the payments, Dharayan and Gupta added an intermediate step so that the

kickback payments could not be traced directly to Apex Technologies.  Dharayan and Gupta used a company that Dharayan controlled called Blackstone to make the illicit payments to Nean Consulting, LLC and Sharp Data Solutions, LLC.  Furthermore, to give the payments the appearance of legitimacy, the kickback payments were made pursuant to sham invoices prepared by one of the MultiPlan employees for a generalized and vague service such as "professional services" or for specific services that were never provided.  In truth and fact, the invoices were entirely false and their only purpose was to create the appearance of a legitimate business transaction.

In total, Dharayan and Gupta paid $1,742,619 in kickbacks to Bush and Singh.  From 2009 to 2012, the same period when Dharayan and Gupta were paying the kickbacks, MultiPlan paid Apex Technologies $6,625,479.20 for placing DBAs with MultiPlan.

## II. The Court Should Impose a Sentence Within the Advisory Guideline Range

The Guidelines recommend a sentence of 37 to 46 months' imprisonment.  With respect to defendant Gupta, the Probation Office recommends a sentence of time served, noting that Gupta's criminal involvement appears to have been "an aberrant act" and that Gupta has "made arrangements to satisfy his criminal financial penalties."  (Gupta PSR at 28).[1]  The Government respectfully asks the Court to impose a sentence within the applicable Guideline range primarily to reflect the seriousness of the offense, to promote respect for the law, to provide just

---

[1] With respect to Gupta, the parties have agreed that Gupta is responsible for $200,000 in restitution and forfeiture in the amount of $1,722,620.  Gupta has agreed to pay $100,000 in restitution by the time of sentencing and the remainder of the restitution according to a schedule set by the Court.

The Government has not yet received a final PSR for defendant Dharayan, who is scheduled to be sentenced on January 15, 2015.  Accordingly, the views of the Probation Office on an appropriate sentence for Dharayan are not yet known.  However, with respect to Dharayan, the Government seeks $1,742,619 in restitution, as set forth in the draft Dharayan PSR, and forfeiture in the amount of $1,722,620.  The Government expects to submit proposed restitution and forfeiture orders for both defendants shortly.

punishment for the offense, and to afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A)-(B).

Dharayan's and Gupta's crimes are serious. They paid $1,742,619 in bribes to get business from MultiPlan that was worth more than $6 million. This is not a case where the kickback or the bribe can be fairly characterized as *de minimis*. Nor is it a case where the kickback or bribe falls into a potentially grey area. There is no doubt that Dharayan and Gupta knew it was wrong and illegal to pay kickbacks, which is why they went to such lengths to re-route the corrupt payments through Blackstone and use false invoices to make the payments.

Dharayan's and Gupta's corrupt payments deprived MultiPlan of its right to the honest services of their Chief Information Officer, the highest ranking officer in that department, and MultiPlan's Director of Database Administration. Both positions are high ranking positions that by their nature entrust the title holder with considerable discretion and a duty to act in MultiPlan's best interest. Dharayan's and Gupta's kickbacks robbed MultiPlan of its right to have business decisions made by its employees according to what was best for MultiPlan, not what was best for them.

The crime here was undeniably serious and clearly wrong. A sentence within the Guideline range thus adequate reflects the seriousness of the offense and provides just punishment for the offense.

A sentence within the Guideline range is also appropriate to send a message of general deterrence and to promote respect for the law. Although the defendants may not ever again engage in this sort of unlawful conduct, thus satisfying the need for specific deterrence, a sentence within the Guideline range is needed to deter others from conducting business in an

unlawful manner.  A sentence of imprisonment sends a clear message that paying kickbacks is a serious offense.

**Conclusion**

For the reasons stated above, the Court should impose a sentence within the advisory Guideline range.

Dated: New York, New York
December 30, 2014

                                              Respectfully submitted,

                                              PREET BHARARA
                                              United States Attorney for the
                                              Southern District of New York

By:   ___/s/ Elisha J. Kobre_____
        ELISHA J. KOBRE
        Assistant United States Attorney
        Tel.: 212-637-2599